UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW FOGG,

         Plaintiff,

    v.

PAMELA JO BONDI,
Attorney General,

         Defendant.

Civil Action No. 24-0792 (CRC)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY
MOTION FOR PRELIMINARY INJUNCTION**

On behalf of the United States Marshals Service ("Marshals Service"), a component of the Department of Justice, Defendant Pam Bondi, in her official capacity as Attorney General, respectfully submits this opposition to Plaintiff's emergency motion for a preliminary injunction (ECF No. 12, "Pl.'s Mot."). Plaintiff seeks a preliminary injunction "enjoining all further EEOC action in" an ongoing Equal Employment Opportunity Commission ("EEOC") proceeding, *Hedgepeth v. Garland*, Case No. 570-2016-00501X; "vacat[ing] any post-filing EEOC decisions as without jurisdictional basis"; and "reinstate Plaintiff as class representative." Pl.'s Mot. at 3. Plaintiff's Motion is meritless and should be denied.

**BACKGROUND**

The long and labored history preceding this litigation is set forth in detail in Defendant's motion to stay pending resolution of class action settlement (ECF No. 8, "Stay Mot."), to which the Marshals Service respectfully refers the Court, and which is incorporated by reference herein. *See* Stay Mot. at 2–8. For brevity's sake, the procedural history most salient to Plaintiff's Motion is summarized below.

Almost thirty years ago, Plaintiff was employed by the U.S. Marshals Service. During and after his employment, Plaintiff pursued legal action against the Marshals Service both in this Court and at the EEOC, seeking relief based on claims of race discrimination and reprisal. One of these actions was an administrative class complaint that Plaintiff initiated at the EEOC in July 1994, while proceeding pro se. An administrative judge declined to certify the putative class, and that case was eventually closed in 1997.

Nearly ten years later, Plaintiff—then represented by counsel—successfully petitioned the EEOC's Office of Federal Operations to re-open the 1994 administrative proceeding. Plaintiff was then one of several class agents in the administrative proceeding. In 2015, the EEOC permitted the class complaint to proceed through extensive discovery and motions practice. In 2021, the class definition was amended to cover:

> All current and former African American Deputy U.S. Marshals who were subjected to USMS policies and practices regarding promotions under the Merit Promotion Process, Management Directed Reassignments, and Headquarters Division assignments, and all African American current and former Deputy U.S. Marshals, Detention Enforcement Officers, and applicants never employed who were subjected to USMS policies and practices for hiring and recruitment of Deputy U.S. Marshal positions from January 23, 1994 to present.

In early-2022, the parties reported to the administrative law judge overseeing the case that they were engaged in settlement discussions, and in August 2023, the class agents submitted an unopposed motion for approval of a proposed class settlement.

On September 21, 2023, the administrative law judge preliminary approved the parties' agreement, which provided $15 million in monetary relief for the class and additional non-monetary relief. The deadline to object to the settlement agreement was January 11, 2024, *see* Notice of Resolution (ECF No. 8-5) at 10, and the deadline to submit a claim form was January

26, 2024. Plaintiff submitted a claim form on January 25, 2024. By submitting a claim form, a claimant agreed to release any and all claims he may have had against the Marshals Service.

A Fairness Hearing was scheduled to take place in *Hedgepeth* on March 20, 2024. *See* Order (ECF No. 8-6) at 5. Plaintiff initiated this litigation on the eve of that Fairness Hearing, nearly two months after submitting his claim form, alleging in effect that he is dissatisfied with the underlying administrative proceeding, including the class's legal representation. *See generally* Compl. ¶ 85. The Complaint contains putative class claims of race discrimination, retaliation, hostile work environment, and harassment, *id.* ¶¶ 92–111, as well as an individual claim for retaliatory harassment, *id.* ¶¶ 112–20. In May 2024, an administrative law judge granted a motion to remove Plaintiff as a class agent due, in part, to Plaintiff's decision to seek individual relief before this Court, and retained jurisdiction over the ongoing EEOC proceeding, where the class settlement was pending final approval.

Three months after Plaintiff filed this suit, an administrative judge granted final approval of the settlement agreement in an order dated June 13, 2024. A month later, Plaintiff sought to challenge the agreement by filing a notice of appeal with the EEOC's Office of Federal Operations. The EEOC has two appeals pending regarding the settlement agreement and issued a brief stay relating to the Marshals Service's need to assess the provisions due to recent Executive Orders. The Marshals Service and Class Agents provided a settlement implementation plan to the EEOC on June 3, 2025, for the EEOC's approval.

## LEGAL STANDARDS

"[A] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). A party seeking preliminary relief must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and

3

accord with the public interest." *League of Women Voters of the U.S. v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (quoting *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 505 (D.C. Cir. 2016)). The moving party bears the burden of persuasion and must demonstrate, "by a clear showing," that the requested relief is warranted. *Hospitality Staffing Sols., LLC v. Reyes*, 736 F. Supp. 2d 192, 197 (D.D.C. 2010) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)). Before the Supreme Court's decision in *Winter*, courts weighed these factors on a "sliding scale," allowing "an unusually strong showing on one of the factors" to overcome a weaker showing on another. *Damus v. Nielsen*, 313 F. Supp. 3d 317, 326 (D.D.C. 2018) (Boasberg, J.) (quoting *Davis v. Pub. Benefit Guar. Corp.*, 571 F.3d 1288, 1291-92 (D.C. Cir. 2009)). The D.C. Circuit has suggested, without deciding, that *Winter*—which overturned the Ninth Circuit's "possibility of irreparable harm" standard—"should be read to abandon the sliding-scale analysis in favor of a 'more demanding burden' requiring plaintiffs to independently demonstrate both a likelihood of success on the merits and irreparable harm." *Bartko v. Dep't of Just.*, Civ. A. No. 13-1135 (JEB), 2015 WL 13673371, at *1 (D.D.C. 2015) (citing *Sherley v. Sebelius*, 644 F.3d 388, 392–93 (D.C. Cir. 2011), and *Davis*, 571 F.3d at 1292); *see also League of Women Voters*, 838 F.3d at 7 (declining to address whether "sliding scale" approach is valid after *Winter*). That said, the Supreme Court has confirmed that a plaintiff must satisfy all elements of the standard to succeed. *See, e.g., Murthy v. Missouri*, 603 U.S. 43, 99 n.18 (2024) ("To obtain a preliminary injunction, [plaintiff] was required to establish that she is likely to succeed on the merits, that she would otherwise suffer irreparable harm, and that the equities cut in her favor." (citing *Winter*)). Even before *Winter*, courts in this Circuit consistently stressed that "a movant must demonstrate 'at least some injury' for a preliminary injunction to issue." *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297 (quoting *CityFed Fin. Corp. v. Off. of Thrift Supervision*, 58 F.3d 738, 747 (D.C.

Cir. 1995)). Thus, "if a party makes no showing of irreparable injury, the court may deny the motion without considering the other factors." *Henke v. Dep't of Interior*, 842 F. Supp. 2d 54, 59 (D.D.C. 2012) (Boasberg, J.) (quoting *CityFed Fin. Corp.*, 58 F.3d at 747); *see also Chaplaincy of Full Gospel Churches*, 454 F.3d at 297 ("A movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief.").

## ARGUMENT

### I.     Plaintiff Cannot Obtain Injunctive Relief Against Non-Party EEOC.

As a threshold matter, Plaintiff's Motion seeks relief this Court is unable to grant. A district court is "unable to provide any relief" as to non-parties to this litigation. *See Hamilton v. Trans. Sec. Admin*, 240 F. Supp. 3d 203, 205 (D.D.C. 2016); *see also Bullock v. Hana Sec. Servs.*, Civ. A. No. 22-2608 (DLF), 2022 WL 17976507, at *1 n. 1 (D.D.C. Oct. 15, 2022) (even if plaintiff could show entitlement to injunctive relief, court "could not provide the injunctive relief he seeks" as to third party not named as defendant in suit); Fed. R. Civ. P. 65(d)(2); *cf. Khatib v. All. Bankshares Corp.*, 846 F. Supp. 2d 18, 25 (D.D.C. 2012) ("The cardinal principle that the district court is 'powerless to proceed' in the absence of personal jurisdiction applies with no less force when the court is presented with a motion for a preliminary injunction.'" (quoting *Emp'rs Reins. Corp. v. Bryant*, 299 U.S. 374, 382 (1937))). Plaintiff asks this Court to "stay" any further proceedings before the EEOC in *Hedgepeth. See* Pl.'s Prop. Order (ECF No. 12-2) at 3. Any such order would necessarily purport to bind the EEOC, which is not a party to this litigation. Therefore, this Court is "powerless" to grant Plaintiff's desired relief, mandating denial of his Motion.

### II.    Plaintiff Cannot Establish a Likelihood of Success on the Merits.

Plaintiff's putative class claims fail at the outset. Federal Rule of Civil Procedure ("Rule") 23(a)(4) requires a putative class representative to "fairly and adequately protect the

5

interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiff initiated this suit pro se. Consequently, he was never an adequate class representative. Because lay persons lack the legal training and expertise to represent a class of plaintiffs, courts generally have concluded that such individuals cannot act as class representatives. *See Spicer v. U.S. Marshals Serv. of D.C.*, Civ. A. No. 24-2106, 2025 U.S. Dist. LEXIS 69981, at *10–11 (D.D.C. Apr. 11, 2025) (pro se plaintiff could not represent putative class); *Ali v. U.S. Parole Comm'n*, Civ. A. No. 06-0235 (RCL), 2007 WL 902312, at *5 (D.D.C. Mar. 23, 2007) (same); *cf. Bank v. R&D Strategic Sols., LLC*, Civ. A. No. 12-1386, 2013 U.S. Dist. LEXIS, at *1 (E.D.N. Y. Mar. 20, 2013) ("It is well settled that a pro se plaintiff may not represent the interests of third parties."). Plaintiff, thus, lacks any likelihood of success on his class claims for this reason alone.

But even if Plaintiff were not proceeding pro se when he initiated this suit, his claim to have interests aligned with other putative class plaintiffs is dubious at best. A vital purpose of the "adequacy inquiry under Rule 23(a)(4)" is to "uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Here, Plaintiff seeks to represent a class of "[a]ll current and former African American Deputy U.S. Marshals who are serving or have served with the [Marshals Service] at any time during the liability period." Compl. ¶ 74. The covered class in *Hedgepeth* includes "[a]ll current and former African American Deputy U.S. Marshals who were subjected to [Marshals Service] policies and practices regarding promotions under the Merit Promotion Process, Management Directed Reassignments, and Headquarters Division assignments," Order Granting Mot. Amend (Aug. 2021) (ECF No. 13-1), a class definition that appears largely to be subsumed by Plaintiff's putative class, Comp. ¶ 74. As noted above, Plaintiff was removed as one of several class agents in *Hedgepeth* in May 2024. *See* EEOC Order of May 13, 2024 (ECF No. 11-1). Plaintiff's removal

followed from a March 2024 motion filed by the remaining class agents, who vociferously objected to Plaintiff's filing of a putative class action in this Court, stating their desire to proceed with the proposed class settlement of the administrative proceeding, and raising grave concerns that Plaintiff intended to stymy their efforts to reach a class resolution primarily to vindicate his individual interests. Mot. Remove Fogg as Class Agent (ECF No. 13-2) at 5–7, 10–11; *see also* Decls. (ECF No. 11-2) (declarations of *Hedgepeth* class agents); Counsel Decl. (ECF No. 11-3) (declaration of class counsel).

On this record, the Court should find that Plaintiff's interests were not in fact aligned with other putative class members at the time he initiated this suit. For this additional reason, the Court should find that Plaintiff cannot fairly and adequately represent the putative class in this suit, and accordingly, deny his request for prospective relief.

## III.    <u>Plaintiff Fails to Show Any Likelihood of Irreparable Harm.</u>

"Irreparable harm 'is the *sine qua non* for obtaining a preliminary injunction—it is what justifies the extraordinary remedy of granting relief before the parties have had the opportunity fully to develop the evidence and fully to present their respective cases.'" *Toastique Holdings, LLC v. C&G Rest. Holdings, Inc.*, Civ. A. No. 24-3611 (APM), 2025 U.S. Dist. LEXIS 101465, at *3 (quoting *M3 USA Corp. v. Qamoum*, Civ. A. No. 20-cv-2903 (RDM), 2021 WL 2324753, at *19 (D.D.C. June 7, 2021)). "And in this Circuit, it is a 'high' standard to meet." *Id.* (quoting *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297). Irrespective of a party's showing as to the other three factors necessary to obtain preliminary equitable relief, "'[a] . . . failure to show any irreparable harm' constitutes grounds for denying the motion." *Sterling Com. Credit-Michigan, LLC v. Phoenix Indus. I, LLC*, 762 F. Supp. 2d 8, 13 (D.D.C. 2011) (quoting *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297); *see also*, *e.g.*, *English v. Trump*, 279 F. Supp. 3d 307, 336 (D.D.C. 2018) ("[Plaintiff's] inability to demonstrate that she is likely to suffer irreparable harm,

regardless of her likelihood of success on the merits, is also a sufficient basis to deny her motion [for preliminary injunctive relief].").  Plaintiff's Motion suffers this fatal defect.

Plaintiff contends that absent injunctive relief, he risks being "[bound] . . . to a settlement he never agreed to," Pl.'s Mem. at 6, despite his having expressly agreed to the class settlement over a year ago, in January 2024. Plaintiff's contention is conclusory, failing entirely to show what harm justifies entry of the extraordinary prospective relief he seeks here. Plaintiff provides no explanation why permitting the class settlement—which was approved by a supervisory administrative judge with the EEOC and provides for $15 million in monetary relief and non-monetary relief that would benefit a broad swath of class members—would cause him harm. Moreover, Plaintiff does not provide any facts that establish "*imminence* that there is a clear and present need for equitable relief." *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297 (emphasis in original; citing *Wisc. Gas Co. v. Fed. Energy Regul. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)).

Plaintiff has utterly failed to carry his burden to establish the likelihood of irreparable harm. *See, e.g.*, *Itserv All. v. Cuccinelli*, Civ. A. No. 20-0201 (APM), 2020 U.S. Dist. LEXIS 261646, at *4 (D.D.C. Apr. 17. 2020) (plaintiffs' failure to establish the "seriousness" of claimed economic loss "in terms of its effect on the plaintiff" warranted denial of motion for preliminary injunction); *Rahman v. Johanns*, 501 F. Supp. 2d 8, 21 (D.D.C. 2007) (denying request for preliminary injunction where plaintiff failed to identify basis for claiming irreparable harm and where injunction would "substantially harm other interested parties"). The Court should therefore deny Plaintiff's Motion.

## IV.     The Balance of Interests Strongly Cuts Against Plaintiff.

To determine the balance of interests, including the public interest here, the Court "weighs the harm" to Plaintiff "if there is no injunction against the harm to" the government "if there is"

an injunction. *Cf. Pursuing Am.'s Greatness*, 831 F.3d at 511. As shown above, denial of a preliminary injunction here will not harm Plaintiff. On the other side of the balance, the public interest and the government's interests in amicably resolving a long-running class discrimination case would be impaired if the Court were to enjoin Defendant (or the EEOC) from the ordinary progression of the *Hedgepeth* proceeding. Plaintiff provides no countervailing justification for imposing such extreme restraints on the government's functions here, warranting denial of the requested preliminary injunction.

### V.      Plaintiff Should Be Ordered to Post Security in Connection with Any Preliminary Injunctive Relief.

For the reasons stated above, the Court should deny Plaintiff's motion in its entirety. That said, should the Court be inclined to order any injunctive relief, the Court should also order Plaintiff to post security. Under Rule 65(c), the Court may issue a preliminary injunction "only if the movant gives security" for "costs and damages sustained" by Defendant if they are later found to "have been wrongfully enjoined." Fed. R. Civ. P. 65(c). In the event the Court issues an injunction here, the Court should require Plaintiff to post an appropriate bond commensurate with the scope of any injunction. *See DSE, Inc. v. United States*, 169 F.3d 21, 33 (D.C. Cir. 1999) (stating that Rule 65(c) places "broad discretion in the district court to determine the appropriate amount of an injunction bond"), particularly given that the relief requested by Plaintiff could hinder Defendant's (or the EEOC's) ability to consummate a potential $15 million class settlement.

* * *

9

**CONCLUSION**

For these reasons, the Court should deny Plaintiff's motion for a preliminary injunction.


Date:   June 4, 2025                                Respectfully submitted,
        Washington, DC

                                                   JEANINE FERRIS PIRRO
                                                   United States Attorney

                                                   BRIAN HUDAK, D.C. Bar #90034769
                                                   Chief, Civil Division

                                                   By:      _/s/ Sam Escher_____
                                                        SAM ESCHER, D.C. Bar #1655538
                                                        Assistant United States Attorney
                                                        601 D Street, NW
                                                        Washington, DC 20530
                                                        (202) 252-2531
                                                        Sam.Escher@usdoj.gov

                                                   *Attorneys for the United States of America*