UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MATTHEW FOGG**, | |
| Plaintiff, | |
| v. | Case No. 24-cv-0792 (CRC) |
| **PAMELA BONDI**, Attorney General, | |
| Defendant. | |

## OPINION

Former Deputy United States Marshal Matthew Fogg brought a complaint before the Equal Employment Opportunity Commission ("EEOC") alleging that the Marshals Service discriminated against him and other African American Deputy U.S. Marshals based on their race.[1] In June 2024, an EEOC Administrative Judge approved the parties' settlement of the complaint. Dissatisfied with the settlement terms, however, Fogg filed this putative class action—even though he had expressly released all claims against the Marshals Service by executing a waiver in connection with the settlement. In its last opinion, the Court denied Fogg's motion for a preliminary injunction to enjoin proceedings before the EEOC and granted the government's motion to stay the case pending final approval of the settlement. Fogg now moves for reconsideration of the Court's decision. Because he did not raise his argument for reconsideration until after the Court issued its opinion and reconsideration would not be warranted in any event, the Court will deny his motion.

---

[1] Because the Court's July 1, 2025, opinion recounted the factual and procedural background of this case in detail, the Court will not replow that ground here. See Mem. Op., ECF No. 22, at 2–6.

I. **Legal Standards**

Although Fogg initially appeared to bring the present motion under Federal Rule of Civil Procedure 59(e), the parties now agree that Rule 54(b) supplies the appropriate standard. See Mot. for Recons., ECF No. 23, at 5 (page numbers designated by CM/ECF); Opp'n to Mot. for Recons. ("Opp'n"), ECF No. 26, at 1 n.1; Reply, ECF No. 27, at 2. "Courts in this district have reached different conclusions as to whether Rule 54(b) or Rule 59(e) governs a request for reconsideration of an order granting or denying preliminary injunctive relief." Shvartser v. Lekser, 330 F. Supp. 3d 356, 360 (D.D.C. 2018) (citations omitted). Since Fogg fails to satisfy Rule 54(b)'s more forgiving standard, the Court will assess this motion under that rule as proposed by the parties.

Under Rule 54(b), any order or decision that is not a final judgment "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Courts grant motions for reconsideration of interlocutory orders only "as justice requires." Shea v. Clinton, 850 F. Supp. 2d 153, 157 (D.D.C. 2012) (quoting Hoffman v. District of Columbia, 681 F. Supp. 2d 86, 90 (D.D.C. 2010)) (internal quotation marks omitted). While courts enjoy significant discretion under Rule 54(b), "in order to promote finality, predictability and economy of judicial resources," they generally should not revisit prior interlocutory decisions "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Id. at 157–58 (quoting Pueschel v. Nat'l Air Traffic Controllers' Ass'n, 606 F. Supp. 2d 82, 85 (D.D.C. 2009)) (internal quotation marks omitted). In deciding whether "justice requires" reversal of its prior interlocutory order, a court considers whether it

> [1] "patently misunderstood a party, [2] has made a decision outside the adversarial issues presented to the Court by the parties, [3] has made an error not of reasoning

but of apprehension, or [4] [whether] a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court."

United States v. Slough, 61 F. Supp. 3d 103, 108 (D.D.C. 2014) (sixth alteration in original) (quoting Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005)).

## II. Analysis

Fogg argues that reconsideration of the Court's decision is warranted because President Trump's recently issued Executive Orders render some provisions of the administrative settlement agreement unenforceable—specifically, those mandating programmatic relief related to Diversity, Equity, and Inclusion initiatives.  Mot. for Recons. at 9–12.  Fogg's argument rests on a joint notice filed in the case before the EEOC, Hedgepeth v. Bondi, No. 570-2016-00501X (E.E.O.C.), in which the parties noted that recent Executive Orders "prohibit implementation of some of the Settlement Agreement (SA) provisions."  Opp'n to Mot. for Extension, Ex. 1 ("Jt. Notice"), ECF No. 18-1, at 3 (page numbers designated by CM/ECF).

Although Fogg attached this notice as an exhibit to his opposition to the government's request to extend a briefing deadline, he made no argument based on this notice in his motion for a preliminary injunction or in his opposition to the government's motion for a stay.  See Mot. for Prelim. Inj.; Opp'n to Mot. to Stay.  A motion for reconsideration, however, "cannot be 'a vehicle for presenting theories or arguments that could have been advanced earlier.'"  United States ex rel. Landis v. Tailwind Sports Corp., No. 1:10-cv-976 (CRC), 2016 WL 3197550, at *3 (D.D.C. June 8, 2016) (quoting Loumiet v. United States, 65 F. Supp. 3d 19, 24 (D.D.C. 2014)); see also Kennedy v. District of Columbia, 145 F. Supp. 3d 46, 51 (D.D.C. 2015) (Cooper, J.) ("A motion for reconsideration is emphatically not the proper place to raise new legal arguments.").  Accordingly, the Court will deny Fogg's motion.

Even were the Court to consider the Fogg's argument on the merits, it would fail. The settlement agreement Fogg agreed to includes both infeasibility and severability provisions. Am. Settlement Agmt., ECF No. 8-4, at 27–28, 56. Thus, the fact that some provisions now require amendment does not release him from the agreement entirely. The parties have conferred regarding the necessary changes and have submitted a joint proposal clarifying which provisions are no longer feasible. Jt. Notice at 3. Implementation of the remaining provisions appears to be proceeding forthwith. See id.

The remainder of Fogg's motion "merely asserts arguments for reconsideration that the court has already rejected on the merits.'" BEG Invs., LLC v. Alberti, 85 F. Supp. 3d 54, 58 (D.D.C. 2015) (cleaned up) (quoting McLaughlin v. Holder, 864 F. Supp. 2d 134, 141 (D.D.C. 2012)). The Court will therefore deny the motion.

### III. Conclusion

For the foregoing reasons, the Court will deny Fogg's motion for reconsideration. A separate Order accompanies this Opinion.

> CHRISTOPHER R. COOPER
> United States District Judge

Date: August 8, 2025